IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Smith,                         :
                    Petitioner            :
                                          :
        v.                                : No. 10 C.D. 2020
                                          : SUBMITTED:  May 22, 2020
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED: July 16, 2020

Petitioner Richard J. Smith (Smith) petitions for review of Respondent Pennsylvania Board of Probation and Parole's (Board) December 13, 2019 ruling.[1] Therein, the Board dismissed as untimely Smith's administrative challenges to two Board-issued decisions, respectively dated April 6 and May 1, 2018. Because the maximum date on Smith's original sentence has already passed, we dismiss his Petition for Review as moot. In addition, we grant Kent D. Watkins, Esquire's (Counsel) Application to Withdraw as Counsel (Application to Withdraw).

## I. Facts and Procedural History

On February 13, 2017, Smith was paroled from three carceral sentences that had been imposed by the Court of Common Pleas of York County.  Certified Record (C.R.) at 1.  At that point, the maximum date on these sentences was March 29, 2019.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

*Id.* On October 2, 2017, the Board declared Smith delinquent. *Id.* On December 30, 2017, Smith was arrested by the Pennsylvania State Police in Gettysburg, Pennsylvania. *Id.* at 3. On April 6, 2018, the Board ordered Smith to be detained pending resolution of the charges stemming from this arrest. The Board also ordered Smith to serve 12 months of backtime as a technical parole violator (TPV). *Id.* at 3-5.[2]

As a result of this arrest, Smith was convicted in the Court of Common Pleas of Adams County of one count of unauthorized use of a motor or other vehicle. *Id.* at 8. On March 22, 2018, the Court of Common Pleas of Adams County sentenced Smith to serve one to six months in state prison for this crime. *Id.* at 7.[3] On May 1, 2018, the Board ordered Smith to serve 12 months of backtime as a convicted parole violator (CPV), concurrent with his TPV backtime. The Board declined to award sentence credit for Smith's time spent at liberty on parole, and recalculated the maximum date on his original sentence as March 3, 2020. *Id.* at 8-9.

On July 8, 2019, Smith faxed an administrative remedies form to the Board, asserting that the Board miscalculated the amount of backtime remaining on his York County sentences. *Id.* at 10. On July 16, 2019, Smith mailed a second, substantially similar administrative remedies form to the Board. *Id.* at 11-12. On December 13, 2019, the Board dismissed Smith's administrative appeals as untimely. *Id.* at 13.

---

[2] The Board rendered this decision on February 13, 2018, but did not mail it to Smith until April 6, 2018. C.R. at 3-5.

[3] The Certified Record does not shed light on why this sentence was served in state prison, rather than a county-level facility. However, as this omission has no bearing on the outcome of this appeal, we need not address it further.

On January 6, 2020, Counsel filed a Petition for Review with this Court on Smith's behalf, contending therein that the Board had failed to award the proper amount of time credit towards Smith's York County sentences. Petition for Review, ¶5. On February 11, 2020, the Board filed a "Motion To Limit The Issue Of [Smith's] Appeal Of His Recommitment/Recalculation Decisions To The Issue Of Timeliness/Application For Stay" (Timeliness Motion). The Board asserted that Smith failed to submit his administrative remedies forms within the legally authorized time window. Accordingly, the Board sought a stay of its obligation to file this matter's Certified Record. Timeliness Motion, ¶¶5-10. Smith did not respond to the Timeliness Motion. On February 27, 2020, this Court deemed the Timeliness Motion unopposed and granted it.

On March 26, 2020, Counsel filed an Application to Withdraw and a *Turner* letter.[4] Counsel seeks leave to withdraw from representing Smith, because Smith's administrative remedies forms were untimely. *Turner* Letter at 2-3. Counsel explains that, by law, the Board does not have jurisdiction to consider an administrative

---

[4] In a *Turner* letter, an attorney seeks leave of court to withdraw from representing a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Commonwealth v. Porter*, . . . 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter") [(referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988))]; *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

remedies form that is submitted more than 30 days after the Board mails the decision being challenged. *Id.* Because Smith submitted his administrative remedies forms well beyond this 30-day window, Counsel concludes that the Board properly dismissed them as untimely and that Smith's Petition for Review "has no basis in law or in fact and is, therefore, frivolous." *Id.* at 2-4.

## II. Discussion

Normally, we would embark upon a review of the relevant facts and law in order to determine whether Counsel's Application to Withdraw is technically sufficient, as well as whether Smith's arguments are meritorious. *See Zerby v. Shanon*, 964 A.2d 956, 958-60 (Pa. Cmwlth. 2009). Here, however, such a review is not necessary because the maximum date for Smith's York County sentences has already passed. "[T]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.*

Here, the maximum date on Smith's York County sentence was March 3, 2020, and he has already completed the full term of that sentence at this point. Though the issues raised by Smith, relating to the Board's backtime calculations, are capable of repetition by other petitioners in other matters, they are unlikely to escape review in the future, as shown through numerous other appeals from Board decisions which this Court has substantively addressed over the years. Nor will Smith suffer

4

without our assistance because, as we have already noted, he has finished serving the sentence that gave rise to these issues.

## III. Conclusion

Therefore, on the basis of the foregoing discussion, we dismiss Petitioner's Petition for Review as moot and grant Counsel's Application to Withdraw.[5]

_____
ELLEN CEISLER, Judge

---

[5] We would have ruled against Smith even in the absence of mootness, due to his untimeliness of his administrative remedies forms. *See* 37 Pa. Code § 73.1(a)(1), (b)(1) (administrative appeals and petitions for administrative review pertaining to a Board decision must be submitted to the Board within 30 days of the challenged decision's mailing date).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Smith,  :
              Petitioner  :
                :
          v.  :  No. 10 C.D. 2020
                :
Pennsylvania Board of  :
Probation and Parole,  :
              Respondent  :

# **O R D E R**

AND NOW, this 16th day of July, 2020, Petitioner Richard J. Smith's Petition for Review is DISMISSED AS MOOT. Furthermore, Kent D. Watkins, Esquire's Application to Withdraw as Counsel is GRANTED.

_____
ELLEN CEISLER, Judge